Case 0:22-cr-60158-AHS Document 1 Entered on FLSD Docket 07/15/2022 Page 1 of 10

FILED by\_\_\_MM\_\_\_D.C.

Jul 15, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **22-60158-CR-SINGHAL/STRAUSS**

18 U.S.C. § 1951(a)
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

ALEXANDRA ALIA CADET and
SHANNEL SIMONE ESCOFFERY,

Defendants.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

1. The State of Florida, Department of Children and Families (DCF), through its Substance Abuse and Mental Health Program Office, was responsible for oversight of the licensure and regulation of substance abuse treatment facilities in the State of Florida.

2. Defendant **ALEXANDRA ALIA CADET** was a resident of Palm Beach County, Florida. **CADET** was a licensing specialist at the DCF Substance Abuse and Mental Health Program Office located in Palm Beach County, Florida. As a licensing specialist, **CADET** had responsibility and authority to review and recommend the approval of applications submitted by substance abuse treatment facilities for licenses authorizing the provision of substance abuse treatment services in the State of Florida. Once **CADET** recommended approval of an application, a supervisor had authority to issue a final approval and the corresponding license. **CADET** was a public official.

3. Defendant **SHANNEL SIMONE ESCOFFERY** was a resident of Broward County, Florida.

4. Facility 1 was a substance abuse treatment facility located in Broward County, Florida.

## COUNT 1
### Extortion Conspiracy
### (18 U.S.C. § 1951(a))

1. The General Allegations section of this Information is re-alleged and incorporated as though fully set forth herein.

2. From at least as early as in or around September 2017, through on or about October 17, 2017, in Broward and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendants,

**ALEXANDRA ALIA CADET and
SHANNEL SIMONE ESCOFFERY,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and other persons known and unknown to the United States Attorney, to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by means of extortion, as the terms "commerce" and "extortion" are defined in Title 18, United States Code, Sections 1951(b)(2) and (b)(3), in that the conspirators did plan to obtain United States currency and other property not due to the conspirators, from another, with his or her consent, under color of official right, all in violation of Title 18, United States Code, Section 1951(a).

### OBJECT OF THE CONSPIRACY

3. It was the purpose and object of the conspiracy for defendants **ALEXANDRA ALIA CADET** and **SHANNEL SIMONE ESCOFFERY** to unjustly enrich themselves by using

2

the official position and authority that **CADET** had with the State of Florida, Department of Children and Families, to solicit, demand, and obtain payments and other things of value from businesses and individuals in exchange for taking official actions.

### MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **ALEXANDRA ALIA CADET, SHANNEL SIMONE ESCOFFERY**, and other conspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

4. Conspirators, including **SHANNEL SIMONE ESCOFFERY**, would submit and cause to be submitted, on behalf of substance abuse treatment facilities, to the State of Florida, Department of Children and Families, Substance Abuse and Mental Health Program Office, applications for licenses authorizing the provision of substance abuse treatment services in the State of Florida.

5. Working in conjunction with **ALEXANDRA ALIA CADET, SHANNEL SIMONE ESCOFFERY** would directly and indirectly solicit and obtain illegal payments from substance abuse treatment facilities, including Facility 1, who sought to obtain a license authorizing the provision of substance abuse treatment services in the State of Florida.

6. **SHANNEL SIMONE ESCOFFERY** would inform substance abuse treatment facilities and their representatives, including a representative of Facility 1, that, in exchange for monetary payments, **ALEXANDRA ALIA CADET** would expedite the review of the substance abuse treatment facility's application and the issuance of the license authorizing the provision of substance abuse treatment services in the State of Florida, thereby permitting the substance abuse treatment facility to commence operations and generate revenue more expeditiously.

7. **SHANNEL SIMONE ESCOFFERY** would obtain the monetary payments from the substance abuse treatment facility and provide the payments, or a portion thereof, to **ALEXANDRA ALIA CADET.**

8. In exchange for these illegal monetary payments, **ALEXANDRA ALIA CADET** would take official actions on behalf of the paying substance abuse treatment facility. These official actions included, but were not limited to, the expedited review and recommendation of approval of licenses authorizing the provision of substance abuse treatment services in the State of Florida.

All in violation of Title 18, United States Code, 1951(a).

## FORFEITURE ALLEGATIONS
## 18 U.S.C. § 981(a)(1)(C)

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **ALEXANDRA ALIA CADET** and **SHANNEL SIMONE ESCOFFERY**, have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1951, as alleged in this Information, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

DAYA NATHAN
ASSISTANT UNITED STATES ATTORNEY

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ALEXANDRA ALIA CADET and
SHANNEL SIMONE ESCOFFERY,
_____/
                    Defendants.

CASE NO.:

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

**Court Division** (select one)
- ☐ Miami      ☐ Key West    ☐ FTP
- ☑ FTL        ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect:

4. This case will take   0   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☑ 0 to 5 days
   - II  ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☐ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge                               Case No.
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No.
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge                               Case No.
9. Defendant(s) in federal custody as of
10. Defendant(s) in state custody as of
11. Rule 20 from the  Southern      District of Florida
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____
Daya Nathan
Assistant United States Attorney
FLA Bar No. 74392

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ALEXANDRA ALIA CADET

**Case No:** _____

**Count 1:**

Extortion Conspiracy

Title 18, United States Code, Section 1951(a)
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** SHANNEL SIMONE ESCOFFERY

**Case No:** _____

**Count 1:**

Extortion Conspiracy

Title 18, United States Code, Section 1951(a)

* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) Case No. |
| ALEXANDRA ALIA CADET, | ) |
| | ) |
| _Defendant_ | ) |

**WAIVER OF AN INDICTMENT**

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
_Defendant's signature_

_____
_Signature of defendant's attorney_

Jack Fleischman
_____
_Printed name of defendant's attorney_

_____
_Judge's signature_

_____
_Judge's printed name and title_

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) Case No. |
| SHANNEL SIMONE ESCOFFERY, | ) |
|  | ) |
| *Defendant* | ) |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Marissel Descalzo
_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*