UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60158-CR-SINGHAL

UNITED STATES OF AMERICA

vs.

ALEXANDRA ALIA CADET,

      **Defendant.**
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Alexandra Alia Cadet ("Defendant") enter into the following agreement:

1. Defendant agrees to plead guilty to the sole Count of the Information, which charges Defendant with extortion conspiracy in violation of Title 18, United States Code, Section 1951(a).

2. Defendant understands that she has the right to have the evidence and charges against her presented to a federal grand jury for determination of whether or not there is probable cause to believe she committed the offenses for which she is charged. Understanding that right, and after full and complete consultation with her counsel, Defendant agrees to waive in open court her right to prosecution by Indictment and agrees that this Office may proceed by way of an Information filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

3. Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (the "Sentencing Guidelines"). Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court

relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. Defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines advisory range. Knowing these facts, Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. Defendant understands and acknowledges that, as to the sole Count of the Information, the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order restitution.

5. Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on Defendant. Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If Defendant is financially unable to pay the special assessment, Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for Defendant's failure to pay.

6.      This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning Defendant and Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.      This Office agrees that it will recommend at sentencing that the Court reduce by two levels the Sentencing Guidelines level applicable to Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that Defendant has assisted authorities in the investigation or prosecution of Defendant's own misconduct by timely notifying authorities of Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and these recommendations if Defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.  Defendant agrees that she shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, Defendant agrees that she will not protect any person or entity through false information or omission, that she will not falsely implicate any person or entity, and that she that he will not commit any further crimes.

This Office reserves the right to evaluate the nature and extent of Defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office Defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that Defendant has provided substantial assistance and recommending that Defendant's sentence be reduced. Defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of Defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

Defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. Defendant further understands and acknowledges that the Court is under no obligation of any type to reduce Defendant's sentence because of Defendant's cooperation.

9. This Office and Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. Under Section 2C1.1(a) of the Sentencing Guidelines, the base offense level is 14 because Defendant is a public official.

    b. No enhancements apply under Sections 2C1.1(b)(1) and (2) of the Sentencing Guidelines.

10. Defendant is aware that the sentence has not yet been determined by the Court. Defendant also is aware that any estimate of the probable sentencing range or sentence that Defendant may receive, whether that estimate comes from Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that Defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by Defendant, this Office, or a recommendation made jointly by Defendant and this Office.

11. Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, Defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals Defendant's sentence pursuant to Sections 3742(b) and 1291, Defendant shall be released from the above waiver of her right to appeal her sentence.

Defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which Defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

By signing this agreement, Defendant acknowledges that Defendant has discussed the appeal waiver set forth in this agreement with Defendant's attorney. Defendant further agrees, together with this Office, to request that the Court enter a specific finding that Defendant's waiver of her right to appeal the sentence imposed in this case and her right to appeal her conviction in the manner described above was knowing and voluntary.

12. Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, in violation of 18 U.S.C. § 1951, pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853. The property subject to forfeiture includes, but is not limited to, a forfeiture money judgment in the sum of at least $3,000.00 in United States currency, which sum represents the value of any property which constitutes or is derived from proceeds traceable to Defendant's commission of the offense.

13. Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

14. Defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which Defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. Defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

15. In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, Defendant agrees to the following:

   a. submit a financial statement to this Office upon request, within 14 calendar days from the request;

   b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

   c. provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

   d. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

   e. notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

Defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

16. Should Defendant withdraw, or attempt to withdraw, from this plea agreement for any reason, Defendant understands and agrees that any statements made to the government, including any factual statement prepared for submission to the Court in connection with Defendant's guilty plea, will become admissible as evidence and may be introduced affirmatively by the United States against Defendant in any criminal proceeding which may then be in effect or which may at any future time be initiated by the United States. Defendant waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence.

17. This is the entire agreement and understanding between this Office and Defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 7/5/22    By: _____
                    DAYA NATHAN
                    ASSISTANT UNITED STATES ATTORNEY

Date: 7-3-22    By: /s/ Jack A. Fleischman
                    _____
                    JACK FLEISCHMAN
                    ATTORNEY FOR DEFENDANT

Date: 7-3-22    By: _____
                    ALEXANDRA ALIA CADET
                    DEFENDANT

9